## B. Cahn v. Antonio Costa.

*The decision in the case of Dupré v. Démarest, 5 An. 591, affirmed, to the effect that the speculative opinions of physicians derived from a post mortem examination, are not sufficient to establish the length of time which a redhibitory disease existed in a slave before his death.*

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *Robert Preaux* and *J. B. Cotton*, for plaintiff and appellant. *Collens & Woolridge*, for defendant. *Budd & Lambert*, for warrantor.

VOORHIES, J. The plaintiff sues for the rescission of the sale of a slave, made by her to *Antonio Costa* on the 5th day of April, 1858. The allegations upon which this action is based, are that the slave was, at the date of the sale, affected with a redhibitory disease,—consumption ; that *Costa* although aware of the existence of this defect, did not give the information to his vendee ; and that shortly

afterwards the slave, notwithstanding proper care and medical treatment, died of this disease.

*Antonio Costa* called his vendor, *Mrs Jules de Rosenon*, in warranty, averring that at the date of the sale to *Cahn* the slave was sound; that, if she was not sound, he had no knowledge of the fact; and that "if said slave had any such disease on the 5th of April, 1858, though not known to respondent, it must have existed previously to said 3d October, 1859, as expressly alleged by plaintiff." This was the date of the sale from *Rosenon* to *Costa.*

The evidence is conclusive to the fact that, when the plaintiff made her purchase, the slave was affected with a redhibitory disease, of which she died shortly afterwards; and also that the plaintiff took the very best care of the patient.

With regard to the date of the disease, so far as affecting the warrantor's case, there is some difficulty. On one side we have the speculative opinions of physicians, several of whom saw the deceased during her last ill-ness, and one of whom made the *post mortem* examination; and from their testimony, we might be authorized to conclude that the disease existed at a time anterior to the date of the sale from the warrantor; but on that very day a physician made a thorough examination of the slave, and, on the trial, he testified to her soundness at the time. The rule in the case of *Dupré, Ex'r. et al.* v. *Démarest*, finds its application in this instance; and the more so that it appears in proof that the slave was, during the whole time she remained with the warrantor and with the defendant, robust and, to all outward appearance, free from all disease whatever. (*Dupré et al.* v. *Démarest*, 5 A. 591.)

This position is strengthened from the fact that the defendant resists the action of the plaintiff on the ground of the soundness of the slave at a subsequent date.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed;—that the sale of the slave *Célestine* from the defendant to the plaintiff be canceled and annulled;—that the plaintiff do have judgment against the defendant for the sum of one thousand and twenty dollars, with legal interest from judicial demand; and the further sum of sixty-two dollars with like interest; that the defendant's demand against the warrantor be rejected; and, finally, that all the costs in both courts be borne by the defendant.

---

## Same Case—On a Re-hearing.

Upon a careful re-examination of the facts of this case, we have come to the same conclusion, that it was shown affirmatively that the slave in question was diseased at the date of the sale from the defendant to the plaintiff, whilst the evidence did not establish the unsoundness of this slave at the date of the sale from the warrantor to the defendant.

The defendant, in his answer, averred that when he sold the slave, she was perfectly sound; but that, if such was not the case, he was not aware of the fact, and the slave must have been unsound at the date of his own purchase. There is an apparent inconsistency in these allegations; but, in point of fact, there is none. A party may be in good faith in alleging his belief as to the non-existence of a redhibitory disease; but, should it turn out that he was mistaken, there can be no impropriety in his attempt to trace the origin of the disease to a period anterior to his ownership.

CAHN
*v.*
COSTA.

In the case at bar we are satisfied that the evidence does not show that state of facts, which would justify the defendant's recourse against his warrantor.

It is, therefore, ordered and decreed, that the judgment of this court remain undisturbed.